**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Richard Munns a/k/a<br>Harold Richard Munns<br>    *Plaintiff*<br><br>VS.<br><br>FCA US LLC<br><br>and<br><br>Willis Towers Watson DBA<br>FCA US LLC – UAW Pension<br>Board of Administration Benefit<br>Connect Determination Review Team<br>    *Defendants* | Case Number: _____ |

**COMPLAINT FOR RESTORATION OF RETIREMENT BENEFITS UNDER ERISA**

Comes now the Plaintiff Richard Munns (hereinafter "Munns"), by counsel, Jeffrey D. Stanton, and for his complaint against Defendants FCA US LLC (hereinafter "FCA"), Willis Towers Watson DBA FCA US LLC – UAW Pension Board of Administration Benefit Connect Determination Review Team (hereinafter "Willis Towers Watson"), states as follows:

1. That this is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., seeking restoration of retirement benefits that were distributed to the former spouse of Richard Munns and were never restored to Munns after the former spouse's death despite a subsequent Qualified Domestic Relations Order ("QDRO") stipulating that such benefits would be restored.

2. That Plaintiff, Munns, is an adult individual and a resident of Indiana.

3. That Munns worked for FCA for twenty-seven (27) years.

4. That Defendant, FCA US LLC, maintains a pension plan within the

meaning of ERISA, 29 U.S.C. § 1002(2) and is located in Michigan.

5. That Willis Towers Watson is a British-American Insurance Company doing business as the FCA US LLC – UAW Pension Plan Administrator under the name "Benefit Connect Determination Review Team" out of its El Paso, Texas location.

6. That Defendant FCA maintained a pension plan, which is subject to the provisions of ERISA.

7. That the pension plan provides for the payment of retirement benefits to eligible participants.

8. That Munns was a participant in the pension plan maintained by FCA.

9. That in accordance with a Qualified Domestic Relations Order ("QDRO") which was issued on May 17, 2019, a portion of Munns' retirement benefits were distributed to his former spouse, Thelma M. (Munns) Clegg, who was allowed to elect a payment type under the original QDRO.

10. That Thelma M. (Munns) Clegg died on May 4, 2020, within months of beginning to receive distributions from Munns' retirement plan.

11. After a review by the Tipton Circuit Court of the QDRO, it was determined by Court Order on April 6, 2021, that the QDRO was not drafted consistent with the Decree of Dissolution of Marriage. Specifically, the Court found that the QDRO was drafted limiting Munns from receiving the benefits awarded to Thelma M. (Munns) Clegg upon Thelma M. (Munns) Clegg's death.

12. That the original QDRO, as drafted, dictated that after Thelma M. (Munns) Clegg's death, the benefit would revert to FCA US LLC.

13. That this is manifestly unjust and not consistent with the Court's Order.

14. The Tipton Circuit Court agreed, and a subsequent Amended QDRO was entered on April 9, 2021, stipulating that upon the death of Thelma M. (Munns) Clegg, full retirement benefits would be restored to Munns.

15. That FCA and Willis Towers Watson were notified of the Petition, the hearing, and the Court's Decision.

16. That the decision of the Court was not appealed by FCA nor any heirs to Thelma M. (Munns) Clegg's estate despite the parties receiving notice.

17. That Willis Towers Watson rejected the Final Amended QDRO on June 7, 2021.

18. That Willis Towers Watson received another copy of the Amended QDRO on September 27, 2021, and again determined that the Amended QDRO failed to meet the requirements of a QDRO.

19. That a claim was filed on behalf of Munns regarding the rejection of the Amended QDRO on October 27, 2021.

20. That Willis Towers Watson denied that claim on January 7, 2022.

21. That a formal administrative appeal was filed on March 8, 2022, received by Willis Towers Watson on March 17, 2021, the appeal having been deemed to be timely filed. See attached letter of March 21, 2021 as "Exhibit 1."

22. That the formal administrative appeal was denied on July 14, 2022.

23. That the denial letter dated July 14, 2022 is attached hereto as "Exhibit 2" and stated that "no further appeal can be made under the Plan."

24. That in accordance with FCA US LLC – UAW Pension Plan guidelines, Munns has exhausted all appeals and administrative remedies with the Defendants.

25. That the modifications of the Amended QDRO will not harm or jeopardize the FCA US LLC – UAW Pension Plan as it would have paid out benefits throughout the lives of the parties.

26. That the FCA US LLC – UAW Pension Plan is being unjustly enriched by refusing to restore Munns' benefits after the death of Thelma M. (Munns) Clegg.

27. That per 29 C.F.R. 2530.206, a domestic relations order shall not fail to be treated as a qualified domestic relations order solely because the order is issued after, or revises, another domestic relations order or qualified domestic relations order.

28. That despite knowledge of Thelma M. (Munns) Clegg 's death and

the subsequent QDRO, Defendants failed to restore Munns' full retirement benefits.

29. That Defendants' failure to restore Munns' full retirement benefits after the death of Thelma M. (Munns) Clegg and in accordance with the subsequent QDRO, violates the terms of the pension plan, as well as the provisions of ERISA.

30. That Defendants' failure to restore Munns' full retirement benefits after the death of Thelma M. (Munns) Clegg also violates public policy in that it allows the pension plan to become unjustly enriched by withholding retirement benefits earned by their participants through years of loyal service.

31. That pursuant to 29 U.S.C. § 1132(a)(1)(B), Munns seeks relief in the form of an order requiring Defendant to restore Munns' full retirement benefits, plus interest.

WHEREFORE, Munns respectfully requests the following relief:

A. An award of all benefits due under the pension plan;

B. An award of interest on all benefits due;

C. An award of reasonable attorneys' fees and costs incurred in connection with this action;

D. An award of any additional relief that the Court deems just and proper.

Munns demands a trial by jury on all issues so triable.

_____
Jeffrey D. Stanton, I.D. #16204-55
216 Fourth Street
Logansport, IN 46947
Phone 574-722-2535



March 21, 2022

**Personal and Confidential**

ATTORNEY JEFFREY STANTON
216 FOURTH STREET
LOGANSPORT, IN 46947

Re:   **Acknowledgement of Appeal**
       FCA US LLC – UAW Pension Agreement
       RICHARD H MUNNS

This letter is in response to the documentation you recently provided, received on March 17, 2022. We are treating this written request as an appeal to a decision provided on January 7, 2022.

According to the Plan, you have 60 days from the date of the denial of your claim to file an appeal. Your appeal received on March 17, 2022 was found to be received in a timely manner.

You will receive a written response within 60 days. If additional time is needed for the review, you will be notified by mail.

If you have any questions about this information, please contact us through the Message Center at https://fcabenefits.ehr.com or call the Benefit Connect Service Center at 1-888-409-3300.

Sincerely,

Benefit Connect Service Center

cc: Richard H Munns

52583-ADDR-FCA                              Page 1 of 1                   Claim Acknowledgement




EXHIBIT
1







FCA US LLC – UAW Pension Board of Administration

July 14, 2022

Mr. Jeffrey D. Stanton
Law Office of Jeffrey D. Stanton
A Professional Corporation
216 Fourth Street
Logansport, IN  46947

Re: Response to Appeal under the FCA US LLC – UAW Pension Agreement: Richard Munns First Amended Qualified Domestic Relations Order ("QDRO")

Dear Mr. Stanton:

The FCA US LLC - UAW Pension Board of Administration (the "Board') has reviewed your appeal, on behalf of Richard Munns, received March 21, 2022. FCA US LLC (the "Company") designated the Benefit Connect Determination Review Team (the "BDRT") to review and process benefit claims in accordance with the terms of the FCA pension plan(s). In your letter, you are appealing the BDRT's decision regarding your request to qualify the First Amended QDRO for a benefit under the FCA US LLC-UAW Pension Agreement (the "Plan"). The First Amended QDRO provides for the benefits paid to Thelma Munns (the "Alternate Payee"), to revert to Richard Munns upon the Alternate Payee's death.

The Board has determined that your appeal requesting approval of the First Amended QDRO, which provides that pension benefits awarded to the Alternate Payee revert to Richard Munns upon the Alternate Payee's death, is hereby denied.

### Background

- April 19, 1985 – Richard Munns married Alternate Payee
- August 9, 2011 – Richard Munns divorced Alternate Payee
- September 23, 2017 – Richard Munns married Tammy Landis
- May 28, 2019 – Benefit Connect received a QDRO, signed, dated, and filed by the Tipton Circuit Court Judge on May 17, 2019
- July 8, 2019 – Benefit Connect QDRO Service Center sent a letter to Richard Munns and the Alternate Payee advising that the QDRO filed on May 17, 2019, satisfies the requirements of a QDRO, with the following additional information:



EXHIBIT 2

FCA US LLC – UAW Pension Board of Administration
1000 Chrysler Drive
CIMS 485-08-78
Auburn Hills, MI 48326

- o "The alternate payee may receive the benefit in any available form of payment under the plan with the exception of a Joint and Survivor annuity with a subsequent spouse and payment shall be actuarially adjusted for payment over the lifetime of the alternate payee."
- o "If the alternate payee's death occurs after her benefit payments begin, the form of benefit she was receiving will determine if any further benefit is payable to any party."
- November 13, 2019 – Alternate Payee elected a Lifetime Annuity, which provides monthly benefits for the Alternate Payee's Lifetime with all payments ceasing upon death of the Alternate Payee
- January 1, 2020 – Alternate Payee commenced her awarded pension benefits as a Lifetime Annuity
- May 14, 2020 – Alternate Payee's date of death; all benefit payments cease
- July 20, 2020 – Benefit Connect received a call from Richard Munns advising the pension benefits awarded to Alternate Payee should have reverted to him after her passing; however, Benefit Connect advised the QDRO was separate interest
- December 10, 2020 – Benefit Connect received a call from you, on behalf of Richard Munns, inquiring about the Alternate Payee's pension benefits and you were advised that Benefit Connect was unable to share information regarding the Alternate Payee
- January 28, 2021 – Benefit Connect received a First Amended Verified Petition to Modify the QDRO
- June 7, 2021 – Benefit Connect QDRO Service Center Team reviewed and rejected the First Amended QDRO as the pension benefits had previously been distributed to the Alternate Payee consistent with the Alternate Payee's election and the QDRO (filed on May 17, 2019 and deemed qualified on July 8, 2019)
- September 27, 2021 – Benefit Connect QDRO Service Center Team received a duplicate of the First Amended QDRO and again determined that the order fails to satisfy the requirements of a QDRO
- October 27, 2021 – You filed a claim, on behalf of Richard Munns, regarding the rejection of the First Amended QDRO
- January 7, 2022 – Benefit Connect denied the claim
- March 21, 2022 – Formal appeal, dated March 8, 2022, received at Benefit Connect

Section 9 of the QDRO (filed on May 17, 2019 and deemed qualified on July 8, 2019) reads,

"Death of Alternate Payee: In the event the Alternate Payee predeceases the Participant prior to the commencement of her benefits, the Alternate Payee's portion of Participant's benefits, as stipulated herein, shall revert to the Participant. *Should the Alternate Payee predecease the Participant after his benefit commencement date, then such remaining benefits, if any, shall be paid in accordance with the form of benefit elected by such Alternate Payee.*" [Emphasis added in bold italics.]

## Determination

The pension benefits were paid to the Alternate Payee consistent with the Alternate Payee's election and the QDRO (filed on May 17, 2019 and qualified on July 8, 2019). These terms were relayed to you in a letter dated July 8, 2019. Upon commencement of the benefit to the Alternate Payee, the Plan fulfilled its obligation to pay the benefit awarded to her in the QDRO (filed on May 17, 2019 and qualified on July 8, 2019), regardless of how many payments the Alternate Payee received.

Based on the information reviewed and for the reasons stated above, the Board has determined that your appeal requesting approval of the First Amended QDRO, which provides that pension benefits awarded to the Alternate Payee revert to Richard Munns upon the Alternate Payee's death, is hereby denied. It is unfortunate that there is not a more favorable outcome in this case.

This decision is binding on all parties. In accordance with applicable law, please be advised that the internal claims review process is now complete, and no further appeal can be made under the Plan. Richard Munns has the right to file a civil action under ERISA §502(a).

Regards,

FOR THE FCA US LLC – UAW
PENSION BOARD OF ADMINISTRATION

Cc: Richard Munns

_Cherylene D Hough_
Union Member

_Sue Holston_
Company Member

FCA US LLC – UAW Pension Board of Administration
1000 Chrysler Drive
CIMS 485-08-78
Auburn Hills, MI 48326